**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Patricia S. WOZNIAKOWSKI, Appellant.**

Superior Court of Pennsylvania.

Argued July 29, 2004.

Filed Sept. 27, 2004.

Marc S. Fisher, Allentown, for appellant.

David W. Addy, Asst. Dist. Atty., Jim Thorpe, for Com., appellee.

BEFORE: LALLY–GREEN, GANTMAN and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Patricia Wozniakowski appeals from the February 4, 2004 Order amending the Order of restitution included in her January 27, 2003 judgment of sentence. For the reasons that follow, we vacate both the Order of restitution contained in the judgment of sentence, as well as the February 4, 2004 Order of restitution, and remand for proceedings consistent with this Opinion.

¶ 2 On January 27, 2003, appellant pled *nolo contendere* to one count of simple assault and two counts of harassment, the charges arising when appellant struck her victim in the face causing, according to the affidavit of probable cause, "facial and scalp bruising, TMJ pain, and neck injuries".[1] At sentencing, imposed this same day and docketed February 3, 2003, the court sentenced appellant to an aggregate term of twelve months probation[2] and ordered "that [she] pay the cost of prosecution, [and] make restitution to [the victim] in a sum to be determined by the Carbon County Adult Probation and Parole Department[."] Record, No. 10, Order of Sentence. The cost of prosecution was determined to be $466.40,[3] and restitution was calculated by the probation department to be $1,803.79.[4] The guideline sentence form for the simple assault conviction, containing the probationary sentence and court costs and restitution amounts, was completed February 26, 2003, and entered on the docket on March 3, 2003. Record, No. 19, Pennsylvania Commission on Sentencing Automated Guideline Sentence Form.[5]

¶ 3 On August 4, 2003, the Commonwealth petitioned for additional restitution in the amount of $4,628 for current and future dental work, and a rule was issued upon appellant to file an answer. On August 12, 2003, appellant filed her answer challenging the court's jurisdiction and demanding proof that the bills incurred and anticipated were the result of appellant's actions. Record, No. 24, Answer. In the interim, on August 7, 2003, the county probation office filed an inter-office memorandum with the prothonotary wherein it requested a restitution credit of $696.95 be issued to appellant as a consequence of an

---

1. The *nolo contendere* written colloquy was docketed in the clerk of courts on January 29, 2003. Record, No. 9.

2. For the simple assault conviction, appellant was sentenced to six months probation and restitution was ordered for the injuries received as a result of the assault. For the harassment convictions, appellant was sentenced to two, three-month periods of probation. All sentences were to be served consecutively.

3. The court costs owed were later amended to $420.50.

4. The restitution "certificate of costs" was entered on the docket on February 20, 2003, and an inter-office memorandum contained the caveat "there are still outstanding medical expenses; therefore, additional restitution may be determined at a future date." Record, No. 18.

5. No sentencing guideline forms for the summary harassment convictions appear in the certified record.

expense being paid by the victim's insurance company.[6] On September 30, 2003, a hearing was conducted to address the Commonwealth's petition for additional restitution, and a lengthy discussion was conducted regarding the court's authority to amend the Order of restitution, in particular, authority provided in § 1106 of the Crimes Code, **Restitution for injuries to person or property (c) Mandatory restitution.** The parties also discussed the validity of the victim's claim for additional monies. By Order dated December 30, 2003, the court concluded, relying on § 1106(c) and *Commonwealth v. Ortiz,* 2003 PA Super 339, 2003 Pa.Super.LEXIS 3150 (Pa.Super.2003) (reargument granted November 25, 2003), that it had jurisdiction to entertain the Commonwealth's petition for additional restitution. A second hearing was scheduled for January 27, 2004, coincidentally one year to the day after the judgment of sentence originally was imposed. Record, No. 31, Order. Following additional testimony, by Order dated February 4, 2004, the court granted the Commonwealth's petition for additional restitution. The trial court reasoned as follows:

> In granting the Commonwealth's request for additional restitution, we found that the victim has actually been damaged in the amount of the medical expenses both paid and estimated, that to deny the request would result in the victim suffering due to the Defendant's conduct, that an award of additional restitution for the costs of the victim's treatment is consistent with the remedial and rehabilitative nature of restitution and its goal of impressing upon the offender the consequences of his criminal conduct and his responsibility to com-

pensate the victims of his crime, and that no prejudice had been asserted or proven with respect to the time lapse between sentencing and the filing of the Commonwealth's petition, or even as of the date of hearing.

Trial Court Opinion, Nanovic, J., 2/4/04, at 6. A timely notice of appeal was filed, appellant was directed to file a statement of matters complained of on appeal, and she complied.

¶ 4 Appellant first argues the trial court lacked jurisdiction to amend the Order of restitution included in the January 27, 2003 judgment of sentence to reflect $4,628 additional monies owed. In her brief, appellant (1) attempts to distinguish *Ortiz, supra,* now resolved by this Court *en banc;* (2) argues the trial court's interpretation of the "at any time" statutory language included in § 1106(c) relative to its authority to amend an Order of restitution would produce illogical results; and (3) the January 27, 2003 judgment of sentence was illegal in that calculation and imposition of restitution was delegated to the board of probation and parole.

¶ 5 While we are sympathetic to the victim's plight, and we do not condone the appellant's actions, we are constrained to vacate the initial January 27, 2003 Order of restitution included in the judgment of sentence, as well as the February 4, 2004 Order increasing the amount of restitution.

¶ 6 The statute at issue follows in pertinent part:

> (2) At the time of sentencing *the court shall specify the amount and method of restitution.* In determining the amount and method of restitution, the court:

---

**6.** The $1,803.79 restitution figure included a $960 ambulance bill, $696.95 of which, it was later discovered, had been paid by the victim's insurance carrier, not the victim. While

the probation board determined restitution should be reduced by $696.95, to a total of $1,106.84, the trial court did not agree. Trial Court Opinion, Nanovic, J., 2/4/04, at 4–5.

(i) Shall consider the extent of the injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

(3) *The court may, at any time* or upon recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, *alter or amend any order of restitution* made pursuant to paragraph (2), provided, however, that the court state its reasons and conclusions on the record for any change or amendment to any previous order.

(4) (i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

(ii) Where the district attorney has solicited information from the victims as provided in subparagraph (i) and received no response, the district attorney

shall, based on other available information, make a recommendation to the court for restitution.

(iii) The district attorney may, as appropriate, recommend to the court that the restitution order be altered or amended as provided in paragraph (3).

18 Pa.C.S.A. § 1106(c)(2–4) (emphasis added).

■ ¶ 7 Although judgment of sentence was imposed more than one and a half years ago, as this appeal is a consequence of an Order amending that January 27, 2003 sentence to reflect an increase in restitution, we find the appeal is timely. *See Commonwealth v. Deshong,* 850 A.2d 712, 713 n. 1 (Pa.Super.2004); *Commonwealth v. Opperman,* 780 A.2d 714 (2001), *appeal denied,* 568 Pa. 617, 792 A.2d 1253 (2001). Moreover, the inquiry into the legality of sentence is a non-waivable issue. *Commonwealth v. Dinoia,* 801 A.2d 1254 (Pa.Super.2002).

¶ 8 In *Dinoia,* the defendant, who entered a guilty plea to theft-related charges, was sentenced on May 12, 2000, to 23 months imprisonment, two years probation, and, pursuant to a request by the Commonwealth, an open-ended Order of restitution. "As [trial court judge] states in his opinion, this is apparently a common practice in Bucks County." *Id.* at 1255. On March 12, 2001, as a consequence of a parole violation, Dinoia's probation was revoked and he was sentenced to back time plus five years new probation.

¶ 9 On April 2, 2001, eleven months after sentencing, restitution of $29.46 was ordered for one of defendant's victims. Appellant's motion for reconsideration of sentence was denied April 30, 2001. On November 1, 2001, 18 months after the original judgment of sentence and Order of restitution were entered, a hearing was conducted to address outstanding restitu-

tion issues. Dinoia objected to the court's jurisdiction based on § 1106(c), "stating that the Commonwealth did not make a recommendation to the court at or prior to sentencing, nor did it file a post-sentence motion within ten days of sentence or file a petition within thirty days for filing an appeal." *Id.* Restitution nevertheless was amended to $3,287.78 so as to compensate a second victim.

¶ 10 This Court held that despite the fact it was common practice in Bucks County to enter such open-ended restitution Orders, in situations where restitution is intended as a direct sentence, § 1106(c)(2) "plainly requires the determination of the amount of restitution, if ordered, at the time of sentencing." *Id.* at 1256. The November 1, 2001 Order imposing restitution therefore was vacated.

█ ¶ 11 In the matter currently before us, the Commonwealth's unsubstantiated argument that appellant agreed to the January 27, 2003 open-ended sentence/Order of restitution[7] is of no import as one cannot "circumvent a statutory mandate with a claim of waiver." *Id.* at 1256. *See also Deshong, supra* (holding that despite any waiver by the defendant as to the imposition of restitution at the time of sentencing, as part of Deshong's direct sentence and pursuant to this Court's holding in *Dinoia,* the trial court was obliged to impose restitution at that time, and failure to do so resulted in an illegal sentence). We find, therefore, that the open-ended Order of restitution included in the January 27, 2003 judgment of sentence was illegal *ab initio.*

¶ 12 The *Deshong* Court, which agreed the trial court is not free to delegate the duty of determining the specifics of restitution, further held that because defendant Deshong was facing a minimum of three months incarceration for the crime of insurance fraud to which he had pled guilty, and the court elected instead to impose probation and restitution, the sentencing scheme of the court most likely was altered by its decision and remand for resentencing was necessary. *Deshong,* at 714. Similarly here, the appellant was facing possible incarceration[8] but the court nevertheless accepted a plea of *nolo contendere* and imposed a probationary sentence. Unlike the appellant in *Deshong,* appellant herein already has served her entire probationary sentence imposed as a consequence of her actions on September 5, 2002. Remand for re-sentencing, therefore, is unnecessary.

█ ¶ 13 As indicated above, § 1106(c)(3) of the Crimes Code also was addressed in a recent *en banc* decision of this Court, *Commonwealth v. Ortiz,* 854 A.2d 1280, 2004 Pa.Super.LEXIS 2297 (2004). In *Ortiz,* the defendant entered a guilty plea to car theft, which included recommended time-served to 23 months imprisonment, plus a negotiated amount of $159 restitution. More than seven months after the imposition of sentence, the Commonwealth sought to modify the restitution, seeking to increase the amount by the estimated repair cost for the stolen vehicle, $1,188, an amount known to the victim prior to sentencing and to the Commonwealth within 30 days of sentencing. This Court held that while restitution is modifiable pursuant to § 1106(c)(3), such modifi-

---

7. We note that the trial court also makes this averment in its Opinion. Trial Court Opinion, Nanovic, J., 2/4/04, at 2 n.3. No transcript of the January 27, 2003 sentencing proceedings is available, however, to establish that contention.

8. The sentencing guidelines indicate a statutory limit of 12 to 24 months imprisonment. Record, No. 19.

cation must be justified, is not allowed in willy-nilly fashion, and finality of sentence is critical.

Although it is mandatory under *section 1106(c)* to award full restitution, it is still necessary that the amount of the "full restitution" be determined under the adversarial system with considerations of due process. For example, in this case, the defendant well may challenge the accuracy of the repair bill. He has the right to bring in his own expert to assess whether the cost should be less. For the purposes of restitution, the parties are the defendant and the Commonwealth, and it is up to the judge to determine what constitutes "full restitution." The victim is not precluded from seeking civil damages if unsatisfied with the restitution award.

Although *section 1106(c)(3)* allows the judge to alter restitution, this does not mean that in every case the judge can alter the restitution award at any time for any reason. There must be justified reasons for the modification, and other principles of law must be followed. At some point, finality is needed. A careful reading of the statute leads to this conclusion.

*Id.* at 1282, 2004 Pa.Super.LEXIS 2297, ** 2–3 (emphasis in original). The Court continued its analysis, acknowledging that sometimes related injuries do not manifest until a later date; an example being a concussion that ends up being part of a more significant brain injury. *Id.* at 1283, 2004 Pa.Super.LEXIS 2297, * 4. Due process safeguards, however, including the need for finality, must be maintained.

Section 1106(c)(2) mandates that "at the time of sentencing the court *shall specify the amount* and method of resti-

tution" (emphasis added). This must be read in conjunction with subsection (c)(4) requiring the Commonwealth to make a recommendation to the Court "at or prior to the time of sentencing." This section would be rendered meaningless if the Commonwealth could just come up with any figure and then move to modify it later.

*Id.* at 1283, 2004 Pa.Super.LEXIS 2297, * 10.

■ ¶ 14 Contrary to the "concussion" scenario set forth by the *Ortiz* Court, here, almost one year after the September 5, 2002 assault, the victim sought compensation primarily [9] for future dental work, information that reasonably could have been determined prior to the January 27, 2003 sentencing, or within 30 days thereafter. To ignore the victim's and the Commonwealth's failure to obtain this information in a timely manner would cause undue prejudice to appellant.

■ ¶ 15 Further, in the matter before us, appellant entered a plea of *nolo contendere*, it was accepted by the court, and an aggregate term of 12 months probation and an Order of restitution, the amount of which was to be decided by the probation board, were imposed. That dollar amount, representing medical costs incurred by the victim, was later determined to be $1,803.70. Appellant argues convincingly that even if the initial restitution amount had been legally imposed, the trial court lacked jurisdiction to amend the Order of restitution that was included in a six-month sentence that already had been served in its entirety at the time the Commonwealth filed its petition. This is distinguishable from the facts in *Ortiz*, where the appellant was still serving his sentence

---

9. Of the $4,628 additional restitution sought, $4,505 is for future, anticipated dental work.

Trial Court Opinion at 2.

when the Commonwealth sought amendment of an Order of negotiated restitution amount. We also agree with appellant's argument that the trial court erred by delegating to the Carbon County Board of Probation and Parole its statutorily-imposed obligation to specify, at the time of sentencing, the amount of restitution owed. As a result, not only was the restitution Order included in the January 27, 2003 sentence illegal, the February 4, 2004 Order amending the initial Order was illegal.

¶ 16 Guided by the principles set forth in *Dinoia, Ortiz* and *Deshong,* as well as the plain meaning of § 1106(c), we further find the trial court abused its discretion by entering its February 4, 2004 Order granting the Commonwealth's petition for $4,628 increased restitution, $4,505 of which was for future dental treatment. *See Ortiz, supra* (holding, *inter alia,* that when considering a trial court's decision regarding a motion to modify restitution, we are held to an abuse of discretion standard). The assault occurred September 5, 2002, and judgment of sentence was imposed five months later. According to the January 27, 2004 hearing addressing the issue of modification of restitution, the victim did not obtain an estimate on anticipated dental work until May 29, 2003, nine months following injury. N.T., 1/27/04, at 5–6. Anticipated dental work, unlike a possible brain trauma, is not an injury of sorts that the extent of damages could not be ascertained within a five month period. *See Ortiz, supra.* Based upon this reasoning as well as that set forth above, we must vacate the February 4, 2004 Order granting the Commonwealth's petition to modify restitution.

¶ 17 Appellant also argues the trial court erred by not deducting from the additional restitution owed to the victim, monies paid by her insurance carrier directly to a provider. Specifically, victim's insurance carrier paid the ambulance service directly, and that $696.95 amount had been included in the original restitution Order, already satisfied by appellant. Given our decision vacating both the January 27, 2003 Order of restitution included in the judgment of sentence, and February 4, 2004 Order granting modification of restitution, we decline the opportunity to address this issue.

¶ 18 In that appellant already has served not only the six-month probationary sentence imposed for the assault conviction, but also the additional six months probation imposed for the harassment convictions, the probationary portion of the judgment of sentence must stand. Because, however, the January 27, 2003 open-ended Order of restitution was illegal due to the trial court's delegation to the Carbon County Board of Probation and Parole, any restitution monies paid to victim must be returned to the appellant. While this may not be an equitable decision, it is in compliance with the law and victim was free to seek redress in civil court. We remand so as to allow the trial court the opportunity to direct such repayment.

¶ 19 January 27, 2003 Order of restitution vacated.

¶ 20 February 4, 2004 Order of restitution vacated.

¶ 21 Case remanded for proceedings consistent with this Opinion.

¶ 22 Jurisdiction relinquished.