J-S53019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHELLY LYNN BARROW, | |
| Appellant | No. 202 MDA 2016 |

Appeal from the Order December 30, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005070-2014

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 13, 2016**

Appellant, Shelly Lynn Barrow, appeals from the December 30, 2015 order amending the order of restitution included in her October 28, 2015 judgment of sentence.[1]  Appellant's counsel has filed a petition seeking to withdraw her representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal. Appellant has not filed a response to counsel's petition.  After careful review, we grant counsel's petition to withdraw and affirm the order of restitution.

_____

[*]  Former Justice specially assigned to the Superior Court.

[1]  For reasons explained subsequently, Appellant's appeal properly lies from the December 30, 2015 order of restitution.  The caption has been corrected to reflect the same.

This appeal stems from the following events. On September 25, 2014, at approximately 1:30 p.m., Appellant and Irian Price ("the victim") were involved in an auto accident at the intersection of Horseshoe Road and Old Philadelphia Pike in Lancaster County. Affidavit of Probable Cause, 10/1/14, at 1. Upon arrival at the scene, police noted that Appellant appeared to be intoxicated. *Id.* Appellant was unable to satisfactorily perform field sobriety tests conducted by officers. *Id.* Appellant was administered a breathalyzer test, upon conclusion of which her blood alcohol content ("BAC") was determined to be 0.17% within two hours of driving. *Id.* As a result, Appellant was charged with driving under the influence ("DUI"), general impairment; DUI, highest rate of alcohol; and driving at an unsafe speed. Criminal Information, Docket No.: CP-36-CR-0005070-2014, 11/26/14, at 1.

On October 28, 2015, Appellant entered an open plea of guilty to all charges. On the same date, Appellant was sentenced to seventy-two hours to six months of incarceration; in lieu of incarceration, Appellant could choose to serve thirty days under house arrest. N.T., 10/28/15, at 10-12. Appellant was also sentenced to pay costs, as well as restitution in the amount of $916.00. *Id.* The $916.00 restitution was to replace the victim's eyeglasses that purportedly were broken as a result of the accident. *Id.* Appellant challenged the apparent excessive cost of replacement of the glasses and the victim's failure to establish that Appellant had caused the damage to the glasses during the accident. *Id.* at 5-7, 9. Accordingly, Appellant requested that a restitution hearing be scheduled. *Id.* at 9. At

the conclusion of the sentencing hearing, the trial court stated the following:

"Restitution is set at $916 at this point with the understanding that either some type of satisfactory explanation will be provided to the defense or else we will schedule a hearing to determine further."  N.T., 10/28/15 at 12.[2]

A restitution hearing was scheduled and took place on December 30, 2015.  During that hearing, additional evidence regarding the accident and

_____

[2]  The court is required to specify the amount of restitution at sentencing, but may modify its order at any time provided that it states its reasons for any modification on the record.  **See Commonwealth v. Dietrich**, 970 A.2d 1131, 1134 (Pa. 2009) (where the trial court set the original restitution amount at time of sentencing based on information presented and at the same time stated that subsequent fact-finding regarding restitution may be required and the restitution order may be modified, the original sentence was not rendered illegal.); **see also Commonwealth v. Dinoia**, 801 A.2d 1254, 1257 (Pa. Super. 2002) ("[18 Pa.C.S. 1106(c)] mandates an initial determination of the amount of restitution at sentencing.  This provides the defendant with certainty as to his sentence, and at the same time allows for subsequent modification, if necessary.").  **Compare Commonwealth v. Mariani,** 869 A.2d 484, 486 (Pa. Super. 2005) (where the trial court at the time of sentencing declined to set any amount of restitution and instead scheduled a subsequent hearing on the restitution issue, the restitution sentence was illegal.).

Here, the trial court specified the amount of restitution at sentencing as required by 18 Pa.C.S. § 1106(c)(2).  The sentencing court's indication that it might modify the order does not invalidate it.  **Dietrich**, 970 A.2d at 1134.  Furthermore, we note that it was Appellant who disputed the restitution amount imposed at the sentencing hearing and requested a restitution hearing.  "Although it is mandatory under section 1106(c) to award full restitution, it is still necessary that the amount of the 'full restitution' be determined under the adversarial system with considerations of due process."  **Commonwealth v. Ortiz**, 854 A.2d 1280, 1282 (Pa. Super. 2004) (explaining that the defendant may challenge the accuracy of the bills and has the right to bring in his own expert to assess whether the amount should be less).

damaged property was introduced. N.T., 12/30/15, at 3-39. Based on the evidence presented, the trial court determined that $30.00 for an eye exam was improperly included and should be deducted from the original amount of $916.00. N.T., 12/30/15, at 42-43. Accordingly, Appellant was sentenced to restitution in the amount of $886.00. *Id.*; Order, 12/30/15, at 1.

Appellant filed a motion to vacate the order of restitution, which the trial court denied by order entered January 8, 2016. Appellant filed a notice of appeal on January 29, 2016.[3] The trial court ordered the filing of a Pa.R.A.P. 1925(b) statement. Appellant's counsel filed a statement of intent

---

[3] Appellant's notice of appeal was filed within thirty days of the restitution sentence imposed on December 30, 2015. This Court has held timely those appeals filed within thirty days of a modified restitution order. *See Commonwealth v. Wozniakowski*, 860 A.2d 539, 543 (Pa. Super. 2004) (a notice of appeal filed within thirty days from an order amending restitution entered one and one-half years after judgment of sentence was timely filed); *see also Commonwealth v. Deshong*, 850 A.2d 712, 713 n.1 (Pa. Super. 2004) (subsequent order regarding restitution finalized judgment of sentence making appeal from subsequent order timely filed).

Furthermore, to the extent there is a challenge to the imposition of Appellant's sentence of restitution, as will be discussed, "the illegality of a sentence is not a waivable matter and may be considered by the appellate courts of the Commonwealth *sua sponte*." *Commonwealth v. Opperman*, 780 A.2d 714, 717 (Pa. Super. 2001); *see also Commonwealth v. Gentry*, 101 A.3d 813, 816 (Pa. Super. 2014) ("It is well settled that a challenge to a court's authority to impose restitution is generally considered to be a challenge to the legality of the sentence."); *Commonwealth v. Dinoia*, 801 A.2d 1254, 1256 (Pa. Super. 2002) ("inquiry into the legality of sentence is a non-waivable issue."); *Commonwealth v. Stradley*, 50 A.3d 769, 771-772 (Pa. Super. 2012) (stating that because "[the appellant's] claim on appeal challenges the legality of his sentence, its review is not abrogated by the entry of his guilty plea.").

to file an **Anders/McClendon** brief in lieu of a Pa.R.A.P. 1925(b) statement. **See** Pa.R.A.P. 1925(c)(4) ("In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an **Anders/McClendon** brief in lieu of filing a Statement."). The trial court entered an order on March 2, 2016, indicating that because Appellant's counsel filed a statement indicating her intent to file an **Anders/McClendon** brief, it was not filing an opinion "pursuant to 210 Pa.Code § 1925(a)" in this matter. Order, 3/2/16, at 1.

Before we address the question raised on appeal, we first must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id.** at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within her petition to withdraw, counsel averred that she conducted a conscientious review of the record, including the guilty plea, sentencing, and restitution transcripts. Following that review, counsel concluded that the present appeal is wholly

frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition. In the letter, counsel advised Appellant that she could represent herself or that she could retain private counsel to represent her.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

Counsel's brief is compliant with **Santiago**. It sets forth the factual and procedural history of this case, outlines pertinent case authority, cites to the record, and refers to an issue of arguable merit.[4] **Anders** Brief at 8. Further, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion.

---

[4] We note that although counsel does not identify any issues of arguable merit in the "Statement of Questions Presented" section of the **Anders** brief, she does so in the argument section entitled, "ANALYSIS OF ARGUABLE APPELLATE ISSUES." **Anders** Brief at 8.

The sole issue raised in the **Anders** brief is that Appellant was not responsible for any restitution to the victim as her state of intoxication did not cause the accident and the resulting personal property damage. **Anders** Brief at 8. Rather, Appellant asserts that a defect in Appellant's car, specifically the failure of the rack and pinion steering, was the cause of the accident. **Id.**

In the context of criminal proceedings, it is well-settled that "an order of 'restitution is not simply an award of damages, but, rather, a sentence.'" **Commonwealth v. Atanasio**, 997 A.2d 1181, 1182–1183 (Pa. Super. 2010). "An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing." **Id.** at 1183. "When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law." **Commonwealth v. Pombo**, 26 A.3d 1155, 1157 (Pa. Super. 2011).

A trial court's authority to order restitution is established in 18 Pa.C.S. § 1106, which provides in pertinent part:

> **§ 1106. Restitution for injuries to person or property**
>
> **(a) General rule.--**Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

* * *

**(c) Mandatory restitution.--**

(1) The court shall order full restitution:

* * *

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

* * *

(3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

* * *

**(h) Definitions. --** As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

* * *

**"Injury to property."** Loss of real or personal property, including negotiable instruments, or decrease in its value, directly resulting from the crime.

* * *

**"Property."** Any real or personal property, including currency and negotiable instruments, of the victim.

* * *

> **"Restitution."** The return of the property of the victim or payments in cash or the equivalent thereof pursuant to an order of the court.

18 Pa.C.S. § 1106(a), (c), (h).

> An order of restitution is a sentence, and thus, the amount awarded is within the sound discretion of the trial court and must be supported by the record. Restitution may be imposed only for those crimes to property or person where the victim suffered a loss that flows from the conduct that forms the basis of the crime for which the defendant is convicted. A sentence of restitution is designed to impress upon the offender the loss he has caused and his responsibility to repair that loss as far as it is possible to do so. The sum may not be speculative or excessive.

*Commonwealth v. Boone*, 862 A.2d 639, 643 (Pa. Super. 2004) (internal citations and quotation marks omitted). "When restitution is imposed as part of the defendant's sentence, a direct causal connection between the damage to person or property and the crime must exist." *Commonwealth v. Nuse*, 976 A.2d 1191, 1193 (Pa. Super. 2009).

At the restitution hearing held on December 30, 2015, the victim testified to the facts of the accident and his purported related injuries. N.T., 12/30/15, at 3-34. The victim testified that during the course of the accident, his eyeglasses were broken. *Id.* at 6-8. The Commonwealth presented, and the victim identified, a receipt that reflected the cost of his replacement glasses in the amount of $916.00 and the fact that he had charged this amount to his Visa card. *Id.* at 12-13. The victim testified that his glasses were expensive because they were trifocals, and he confirmed that he had to pay out-of-pocket for the glasses. *Id.* at 9, 13, 26.

Additionally, Cathy Payne, a restitution advocate from the Lancaster County District Attorney's office, testified. N.T., 12/30/15, 35-37. Ms. Payne explained that the victim had no insurance coverage for replacement of these eyeglasses, and as a result, he was forced to personally pay for replacement of the glasses. *Id.* at 35.

Appellant conceded that at the time of the accident, she was driving under the influence of alcohol. N.T., 10/28/15, at 7; N.T., 12/30/15, at 28, 40. As noted, however, Appellant argued that her intoxication did not cause the accident, but instead, the failure of the rack and pinion steering in her vehicle was the cause. N.T., 12/30/15, at 28-30. Despite Appellant's claims that the rack and pinion steering failure caused the accident, the trial court noted that Appellant failed to present any evidence supporting that conclusion at the hearing. *Id.* at 41-42. Moreover, although the victim's testimony was contradictory at times, the trial court found his testimony credible and concluded, based on the testimony, that the victim's glasses were broken as a result of the accident and that Appellant was responsible for the accident. *Id.* at 40-42. We may not reweigh that credibility determination. *See Commonwealth v. Gibson*, 720 A.2d 473, 480 (Pa. 1998) ("Credibility determinations are strictly within the province of the finder of fact; therefore, an appellate court may not reweigh the evidence and substitute its judgment for that of the finder of fact.").

Thus, we cannot conclude that the trial court erred in finding that Appellant was responsible for causing the accident and the resulting damage to the victim's personal property. Consequently, the trial court's imposition of a sentence of restitution for replacement of the victim's broken eyeglasses was not an error of law. Moreover, the amount of restitution was supported by sufficient evidence of record. Accordingly, we agree with counsel that this issue lacks merit.

We also have independently reviewed the record in order to determine if counsel's assessment about the frivolity of the present appeal is correct. *Anders*; *Santiago*; *Cartrette*. We agree with counsel's assessment, grant her permission to withdraw, and affirm.

Petition of Diana C. Kelleher, Esquire, to withdraw as counsel, is granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2016

- 11 -