J-S59009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL D. HOLLOWAY, | |
| Appellant | No. 3727 EDA 2015 |

Appeal from the Judgment of Sentence Entered July 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0003048-2013
CP-51-CR-0003050-2013
CP-51-CR-0003052-2013

BEFORE:  BENDER, P.J.E., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:           **FILED OCTOBER 26, 2016**

Appellant, Paul D. Holloway, appeals from the judgment of sentence of an aggregate term of 8 to 20 years' incarceration, imposed after he pled guilty to three counts of aggravated assault, as well as other offenses. On appeal, Appellant seeks to raise various attacks on the validity of his plea and sentence. However, his counsel, the Defender Association of Philadelphia (DAF),[1] has filed a petition to withdraw and **_Anders_**[2] brief,

---

[*] Former Justice specially assigned to the Superior Court.

[1] While we usually refer to counsel by name, the record indicates that various attorneys from DAF have filed documents on Appellant's behalf throughout the course of this case before the trial court, and three different
_(Footnote Continued Next Page)_

concluding that Appellant's issues are frivolous and there are no other non-frivolous claims that could be asserted on appeal. After careful review, we affirm Appellant's judgment of sentence and grant DAF's petition to withdraw.

The trial court summarized the facts of this case, as follows:

> On December 30, 2012, at approximately 3 a.m., Philadelphia Police responded to the Gold Coast Lounge at 4043 Lancaster Avenue, in the city and county of Philadelphia, for a report of a shooting. Upon arrival, the officers found three men, Shaquille Jones, Aaron Douglas, and Robert Edwards, suffering from gunshot wounds to the legs. The scene was located both inside and outside the bar, as a blood trail was coming from the rear door of the lounge. The officers recovered six (6) .40 caliber [spent shell casings] on the floor of the main bar area. Mr. Jones suffered from a broken bone in his leg as a result of the shooting, which required him to have several surgeries.
>
> A search warrant was issued and executed to recover the surveillance video from the Gold Coast Lounge. Upon recovery and viewing, the video showed two males with guns in their hands. One of the males was [Appellant] …, and the other co-[d]efendant Darryl Seals. The video showed Seals walking up to a group of people on the first floor, and immediately begin shooting at the group. [Appellant] dropped his gun, never firing a shot. Seals and [Appellant] proceeded to then exit through the rear door of the bar. The video was released to the media on January 2, 2013, and as a result, [Appellant] was identified as being one of the two men in the video. Mr. Seals was later identified on January 3, 2013, as the other male in the video. Both Mr. Seals and [Appellant] were later arrested.

Trial Court Opinion, 3/2/16, at 1-2.

*(Footnote Continued)* _____

DAF attorneys are listed as counsel for Appellant on appeal. Therefore, we will refer to Appellant's counsel as DAF herein.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

Appellant was charged in three separate cases (each involving one victim) with various offenses including attempted murder, aggravated assault, criminal conspiracy, and firearm offenses. On July 7, 2015, he entered negotiated guilty pleas in each of those cases to the following offenses: three counts of aggravated assault, 18 Pa.C.S. § 2702(a); one count of conspiracy to commit aggravated assault, 18 Pa.C.S. § 903(c); and one count of possession of a firearm by a person prohibited, 18 Pa.C.S. § 6105(a)(1). Pursuant to the plea agreement, the court sentenced Appellant that same day to an aggregate term of 8 to 20 years' incarceration.

Appellant filed a timely post-sentence motion for reconsideration of his sentence, which was denied by operation of law on November 16, 2015. Appellant then filed a timely notice of appeal. The trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, DAF filed a timely Pa.R.A.P. 1925(c)(4) statement of its intent to file an *Anders* brief in lieu of a concise statement. On April 13, 2016, DAF filed with this Court a petition to withdraw. DAF also filed an *Anders* brief, explaining why the six claims that Appellant wishes to assert on appeal are frivolous, and concluding that there are no other non-frivolous issues that it could raise herein.

Before reviewing Appellant's six issues, we must first assess the adequacy of DAF's petition to withdraw and *Anders* brief. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). This Court has explained:

- 3 -

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in [**Commonwealth v.**] **Santiago**[, 978 A.2d 349 (Pa. 2009)]. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, DAF's **Anders** brief complies with the above-stated requirements. Specifically, DAF includes a summary of the relevant factual and procedural history, it refers to portions of the record that could arguably

- 4 -

support Appellant's claims, and it sets forth its conclusion that Appellant's appeal is frivolous. DAF also explains its reasons for reaching that determination, and supports its rationale with citations to the record and pertinent legal authority. DAF states in its petition to withdraw that it has supplied Appellant with a copy of its *Anders* brief, and it attaches a letter directed to Appellant in which DAF informs him of the rights enumerated in *Nischan*. Accordingly, DAF has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other non-frivolous issues he could pursue on appeal.

Appellant first seeks to challenge the validity of his guilty plea. In particular, he contends that the court's oral plea colloquy did not cover each of the six areas of inquiry required by Pa.R.Crim.P. 590.[3] For instance,

_____

[3] The pertinent areas of inquiry are as follows:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

*(Footnote Continued Next Page)*

Appellant stresses that the factual recitation failed to specifically state what prior conviction disqualified him from possessing a firearm for purposes of his section 6105 offense. Relatedly, Appellant also desires to argue that he was incompetent to enter his plea.

We agree with DAF that Appellant's arguments challenging the validity of his plea are frivolous. It is well established that "issues not preserved in the trial court may not be pursued before this Court." *Commonwealth v. Rush*, 959 A.2d 945, 948-49 (Pa. Super. 2008) (citing Pa.R.A.P. 302(a)). "For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal." *Id.* at 949 (citing *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006)). Here, Appellant essentially avers that his plea was not voluntary because the colloquy was inadequate, and because he was incompetent. However, Appellant did not file a motion to withdraw his plea, nor at any point challenge, before the trial court, the adequacy of the court's colloquy or his competency to enter the plea agreement. Therefore, he has waived these

_(Footnote Continued)_ ―――――――――

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Comment to Pa.R.Crim.P. 590.

claims on appeal. ***Id.***; ***see also Commonwealth v. Lincoln***, 72 A.3d 606, 609-610 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver.") (citations omitted).

Likewise, Appellant has also waived his assertion that the trial court erred by accepting his waiver of his right to be present at the preliminary hearing, as the court failed to colloquy Appellant about the implications of that decision. DAF concludes that Appellant waived this claim because "no objection was made to the absence of a waiver colloquy as to [Appellant's] right to be present at the preliminary hearing." ***Anders*** Brief at 17 (citing Pa.R.A.P. 302(a)). Additionally, DAF reasons that because Appellant ultimately pled guilty, he "waive[d] the right to challenge on direct appeal all non[-]jurisdictional defects except the legality of sentence and the validity of the plea." ***Id.*** (citing ***Lincoln***, 72 A.3d at 609 (citation omitted)). For both of these reasons, DAF concludes that Appellant's issue involving his absence from the preliminary hearing is waived. We agree.

Appellant next seeks to challenge the legality of his sentence, seemingly on the basis that his individual terms of incarceration exceed the statutory maximums. DAF notes that Appellant's aggravated assault and conspiracy convictions were graded as first-degree felonies, thus exposing him to statutory maximum terms of 20 years' imprisonment for each count

- 7 -

of those crimes. *See* 18 Pa.C.S. § 1103. Because Appellant received a sentence of 8 to 20 years for each of his aggravated assault and conspiracy offenses, those sentences are legal. Likewise, Appellant's sentence of 5 to 10 years' incarceration for possession of a firearm by a person prohibited is also within the statutory maximum term. Appellant's prior conviction, that precludes him from possessing a firearm, is possession with intent to deliver a controlled substance. *See* N.T. Guilty Plea, 7/7/15, at 12. Thus, under 18 Pa.C.S. § 6105(a.1)(1), Appellant's firearm offense is graded as a felony of the second-degree, which carries a statutory maximum term of 10 years' incarceration. *See* 18 Pa.C.S. § 1103(2). Therefore, his sentence of 5 to 10 years' incarceration for his section 6105 offense is legal. Accordingly, we agree with DAF that Appellant's challenge to the legality of his sentence is frivolous.

Next, Appellant seeks to argue that his sentence should be vacated because he was denied his right to allocution during the July 7, 2015 sentencing hearing. DAF concedes that "the lower court clearly did not afford [Appellant] his right to allocute...." *Anders* Brief at 21. However, DAF concludes that challenging this error would be frivolous because "no objection to this omission was lodged." *Id.* Consequently, DAF concludes that Appellant has waived this claim for our review.

Again, we agree with DAF. In ***Commonwealth v. Jacobs***, 900 A.2d 368, 376 (Pa. Super. 2006) (*en banc*), this Court held "that a denial of the right of allocution does not create a non-waivable challenge to the legality of

the sentence." ***Id.*** Thus, "like most legal errors," the failure to afford a defendant his right to allocution "is … waivable under Pennsylvania law." ***Id.*** (footnote omitted). The record here confirms that Appellant did not object at the sentencing hearing, nor in his post-sentence motion, to the court's failure to afford him his right to allocution. Therefore, we conclude that this argument is waived.

Finally, Appellant wishes to assert that the court erred by denying his post-sentence motion for reconsideration of his sentence. In that motion, Appellant baldly stated: "The sentence imposed … was excessive in that it far surpassed [w]hat was required to protect the public, the complainant or the community, and was well beyond what was necessary to foster [Appellant's] rehabilitation." Post-Sentence Motion, 7/16/15, at 2. Clearly, Appellant was attempting to challenge the substance of his negotiated sentence. This Court has precluded such attempts, holding that "upon entry of a *negotiated* guilty plea, motions to modify [sentence] can only present technical issues such as defects in the record, an error of the clerk of court, etc., rather than challenge the substance of the negotiated sentence." ***Commonwealth v. Ortiz***, 854 A.2d 1280, 1284 (Pa. Super. 2004) (emphasis in original) (discussing ***Commonwealth v. Coles***, 530 A.2d 453 (Pa. Super. 1987)). Under the rationale of ***Ortiz*** and ***Coles***, Appellant's argument that the court erred by denying his motion to modify his negotiated sentence is frivolous.

In sum, we agree with DAF that all of the issues Appellant seeks to raise on appeal are frivolous. Our independent review of the record reveals no other non-frivolous claims he could assert herein. Accordingly, we affirm his judgment of sentence and grant DAF's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2016