**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Georgie ORTIZ, Appellant.**

Superior Court of Pennsylvania.

Argued May 25, 2004.

Filed July 22, 2004.

---

MaryJean Glick, Lancaster, for appellant.

Kelly Sekula, Asst. Dist. Atty., Lancaster, for Com., appellee.

Before: HUDOCK, JOYCE, MUSMANNO, KLEIN, BENDER, BOWES, GANTMAN, McCAFFERY and PANELLA, JJ.

KLEIN, J.

¶ 1 On October 30, 2001, George Ortiz entered a negotiated guilty plea to car theft in exchange for a recommended sentence of time served to 23 months, a $100.00 fine, and restitution in the amount of $159.00. Seven and one-half months later, on June 13, 2002, the Commonwealth filed a Motion to Modify Restitution seeking to increase it by $1,188.21, the amount contained in a repair estimate for damage done to the victim's car after it was stolen. The victim was aware of the estimate amount prior to sentencing and the Commonwealth knew of the amount within 30 days of sentencing, while the trial court still had jurisdiction. The trial judge granted the motion and added $1,188.21 to the restitution amount. We reverse.[1]

¶ 2 This is not a case where an amount of restitution was set by the Court after a full hearing. This case involved a negotiated plea, where the amount of restitution was made a part of the sentence. Moreover, there is no reason that the Commonwealth, with due diligence, could not have known the full amount of the restitution at the time it entered into the negotiated plea agreement. To the contrary, the Commonwealth merely had to contact the victim.

■ ¶ 3 The Commonwealth claims that since restitution is mandatory and modifiable under 18 Pa.C.S.A. § 1106(c), the fact that the Commonwealth neglected to include the true amount of restitution at the time of the negotiated plea is irrelevant. We disagree.

■ ¶ 4 Although it is mandatory under section 1106(c) to award full restitution, it is still necessary that the amount of the "full restitution" be determined under

the adversarial system with considerations of due process. For example, in this case, the defendant well may challenge the accuracy of the repair bill. He has the right to bring in his own expert to assess whether the cost should be less. For the purposes of restitution, the parties are the defendant and the Commonwealth, and it is up to the judge to determine what constitutes "full restitution." The victim is not precluded from seeking civil damages if unsatisfied with the restitution award.

■ ¶ 5 Although section 1106(c)(3) allows the judge to alter restitution, this does not mean that in every case the judge can alter the restitution award at any time for any reason. There must be justifiable reasons for the modification, and other principles of law must be followed. At some point, finality is needed. A careful reading of the statute leads to this conclusion.

■ ¶ 6 Section 1106(c)(3) provides:

The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S.A. § 1106(c)(3). Since the statute specifically provides that the court must state "its reasons and conclusions as a matter of record for any change or

---

1. We review the trial court's decision for an abuse of discretion. *See Commonwealth v. Opperman,* 780 A.2d 714 (Pa.Super.2001); *Com-* *monwealth v. Balisteri,* 329 Pa.Super. 148, 478 A.2d 5 (1984).

amendment," it is logical to conclude that those reasons must support a modification and embody something that was not known and could not have been reasonably ascertained at the time the original order was entered.

■ ¶ 7 Other circumstances not present at the time of sentencing could require a change in restitution. One common circumstance is where a defendant is financially unable to pay the restitution and is unlikely to ever be able to do so. That is a ground to *reduce* the restitution. Likewise, sometimes it turns out that injuries do not heal as expected or are unable to be discovered until much later. For example, a concussion may be part of more significant brain injury that is not known until after sentencing, resulting in more medical bills and wage loss. However, all circumstances that are known or capable of being ascertained by the Commonwealth must be presented at sentencing.

■ ¶ 8 Section 1106(c)(4), supports this interpretation of the act:

> (4)(i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered and received from the victim.
>
> (ii) Where the district attorney has solicited information from the victims as provided in subparagraph (i) and has received no response, the district attorney shall, based on other available information, make a recommendation to the court for restitution.
>
> (iii) The district attorney may, as appropriate, recommend to the court that the restitution order be altered or amended as provided in paragraph (3).

18 Pa.C.S.A. § 1106(c)(4). Read together, subsections (4)(i) and (ii) require the Commonwealth to exercise due diligence to as-

certain the amount of restitution prior to the time of sentencing. It is only if the district attorney has solicited information and received no response from the victim that the district attorney can base a recommendation on other information. However, a reasonable interpretation is that such non-responsiveness must be placed on the record so the defendant is aware that the Commonwealth may come back later to seek additional restitution under subsection (c)(iii).

■ ¶ 9 Section 1106(c)(2) mandates that "at the time of sentencing the court *shall specify the amount* and method of restitution" (emphasis added). This must be read in conjunction with subsection (c)(4) requiring the Commonwealth to make a recommendation to the Court "at or prior to the time of sentencing." This section would be rendered meaningless if the Commonwealth could just come up with any figure and then move to modify it later.

■ ¶ 10 As we noted in *Commonwealth v. Dinoia*, 801 A.2d 1254 (Pa.Super.2002):

> Although the statute provides for amendment or modification of restitution "at any time," 18 Pa.C.S.A. § 1106(c)(3), the modification refers to an order "made pursuant to paragraph (2)..." *Id.* Thus, the statute mandates an initial determination of the amount of restitution at sentencing. This provides the defendant with certainty as to his sentence, and at the same time allows for subsequent modification, if necessary.

801 A.2d at 1257. *See also Commonwealth v. Deshong*, 850 A.2d 712 (Pa.Super.2004).

■ ¶ 11 Moreover, when a plea is entered following negotiations, it is even more important that the terms of the agreement be followed. In *Commonwealth v. Coles*, 365 Pa.Super. 562, 530 A.2d 453 (1987), *quoted in Commonwealth*

*v. Reichle,* 404 Pa.Super. 1, 589 A.2d 1140, 1141 (1991), this Court explained why it is essential that negotiated pleas be strictly enforced:

> If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement.

530 A.2d at 458. The *Coles* Court refused to allow a judge to accede to a defendant's request to reduce his sentence one week after a negotiated guilty plea had been entered, reasoning that it would "strip the Commonwealth of the 'benefit of the bargain.'" The Court expounded:

> To hold otherwise would make a sham of the negotiated plea process and would give the defendant a second bite at his sentence, which we have frequently deplored in the context of withdrawal of a guilty plea.

*Id.* at 456.

¶ 12 The *Coles* Court also rejected the position of the trial judge, who cited the ability of a defendant to file a motion to modify his sentence following a negotiated guilty plea. The Court embraced the point made by the Commonwealth that, upon entry of a *negotiated* guilty plea, motions to modify can only present technical issues such as defects in the record, an error of the clerk or the court, etc., rather than challenge the substance of the negotiated sentence. *Id.* at 457.

¶ 13 That is the situation in this case. Restitution was part of the negotiated sentence, the terms of which certainly induced the defendant to enter the plea. *See id.* at

455. Once the negotiated plea was entered and sentence imposed pursuant to the terms of the plea set forth on the record, absent changed circumstances,[2] the Commonwealth was bound by its agreement and precluded from seeking to increase restitution later. This is particularly true since the extra restitution amount could have been ascertained prior to sentencing and, in fact, was known by the Commonwealth within thirty days of sentencing, while the court still had jurisdiction. The Commonwealth had the opportunity under section 1106(c)(4)(ii) to alert the court and defendant that it had not yet received all the information as to restitution and was merely making an estimate. However, the Commonwealth did not avail itself of that opportunity.

¶ 14 Undeserving of an award for stealing a car, the defendant was nonetheless entitled to some degree of certainty with respect to the terms of his guilty plea agreement. Here, the Commonwealth lay dormant for seven and one-half months upon having received actual knowledge of the extra amount. Of course, as the passage of time increases, so does one's reliance on the terms of a negotiated agreement.

¶ 15 In conclusion, because the amount of restitution should have been known and revealed to the trial court prior to sentencing, the restitution was part of a plea agreement, and there was no change in circumstances, it was improper to modify the terms of the restitution.

¶ 16 Order granting motion to modify reversed and case remanded with instructions to reinstate the original sentence

---

**2.** It is clear that there was no change in circumstances following sentencing in this matter. Whether a change in circumstances

could result in amplified restitution following a negotiated plea is not before us and we do not address that issue.

with the negotiated amount of restitution. Jurisdiction relinquished.