**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Demothy WESLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 3, 2005.

Filed Dec. 23, 2005.

William C. Van Scyoc, Jr., Erie, for appellant.

Bradley H. Foulk, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before: LALLY–GREEN, BENDER and TAMILIA, JJ.

OPINION BY BENDER, J.:

¶ 1 Demothy Wesley (Appellant) appeals from the judgment of sentence entered following his convictions for Homicide by Vehicle While Under the Influence and other related charges. On appeal, Appellant challenges the trial court's decision to vacate Appellant's original sentence and re-sentence him to pay a higher amount of restitution. For the following reasons, we affirm.

¶ 2 The trial court summarized the facts of this case as follows:

The defendant pled guilty on September 1, 2004 to Homicide by Vehicle While Under the Influence, Aggravated Assault by Vehicle While Driving Under the Influence of Alcohol, Driving Under

the Influence of Alcohol and Generally Incapable of Driving Safely. He committed these offenses on June 5, 2004 in Millcreek Township in Erie County, Pennsylvania. As a result of his actions, six-month old Shytaya Williams was killed and Amber Whaley was seriously injured. On November 10, 2004, the defendant was given an aggregate sentence of 4 to 8 years. In addition, he was ordered to pay restitution in the amount of $3,135.00. This order was based upon evidence submitted at the sentencing hearing supporting a claim of restitution for the deceased child's funeral expenses. No restitution was provided at that time for Ms. Whaley's injuries.

On November 12, 2004, the Commonwealth filed the instant motion to reconsider sentence requesting that the Court grant restitution to Ms. Whaley in the amount of $313,725.52.

A hearing was held on December 8, 2004 before this Court. On December 13, 2004, the Commonwealth filed a motion to reopen evidentiary record. Argument on that motion was scheduled for December 21, 2004 at which time the Court accepted a proffer from the Commonwealth. In light of the proffer, it was unnecessary to reopen the record.

Trial Court Opinion, 1/11/05, at 1–2. On February 1, 2005, the court re-sentenced Appellant, and the sentence now included an amount of restitution in excess of $350,000 payable to Ms. Whaley to reimburse her for medical bills that resulted from her extreme injuries. N.T., 2/1/05, at 13 (Reproduced Record at 54A). Appellant then filed this appeal raising the following question for our review:

1. Whether it was error for the Court to vacate the original sentence and re-sentence in this matter to conclude [sic] restitution amounts not claimed at the original sentencing absent a specific finding that despite through diligence on the part of the Commonwealth and the victim such restitution claims could not have been made.

Brief for Appellant at 6.

¶ 3 The outcome of this case is controlled by Rules 720 and 721 of the Pennsylvania Rules of Criminal Procedure. Rule 720 states that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa. R.Crim.P. 720(a). Rule 721 states that the "Commonwealth may challenge a sentence by filing a motion to modify sentence" and that it must do so within 10 days after imposition of sentence. Pa.R.Crim.P. 721(A), (B).

¶ 4 In the instant case, the Commonwealth filed a motion to modify sentence within two days of the imposition of sentence. Thus, the motion was clearly timely. Appellant argues that the trial court's authority to increase the amount of restitution is governed by 18 Pa.C.S. § 1104(c)(3), which states:

The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution....

Appellant relies on two cases that expound upon and limit a trial court's authority to amend an order for restitution pursuant to this section. However, in both of these cases, *Commonwealth v. Wozniakowski*, 860 A.2d 539 (Pa.Super.2004), and *Commonwealth v. Ortiz*, 854 A.2d 1280 (Pa.Super.2004) (en banc), the Commonwealth's motion to modify the order of restitution was filed well beyond the ten-day period set forth in Rules 720 and 721, or the

**638**

thirty-day period set forth 42 Pa.C.S. § 5505 within which a trial court may modify any order.

¶ 5 In *Wozniakowski*, the Commonwealth petitioned the trial court over five months after Appellant was originally sentenced. *Wozniakowski*, 860 A.2d at 541. And in *Ortiz*, the Commonwealth filed its motion to modify the restitution order seven and one-half months after the original sentence was imposed. *Ortiz*, 854 A.2d at 1282. Furthermore, in *Ortiz*, this Court, sitting en banc, noted that within the thirty-day period after sentencing, the victim was aware of the amount of restitution that the Commonwealth subsequently sought, and yet it did not do anything until well after the thirty day period within which the court had jurisdiction to modify its order. *Id.*

¶ 6 Consequently, the case before us is far-removed from the foregoing precedent. In the instant case, the Commonwealth filed its motion to modify the sentence within *two days* of the original sentence. As stated above, this was clearly a timely motion to modify the sentence, and therefore, we discern no error in the trial court's decision to vacate Appellant's original sentence and to re-sentence him with a higher amount of restitution.

¶ 7 Judgment of sentence affirmed.