J-S09024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEBRINA L. LITTLE, | |
| Appellant | No. 1178 WDA 2014 |

Appeal from the Judgment of Sentence June 26, 2014
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0001823-2013

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 10, 2015**

Sebrina L. Little appeals from her judgment of sentence after she pled guilty to burglary.  Appellant's sole challenge is to the trial court's modification of her restitution.  After careful review, we affirm.

Appellant entered a guilty plea to one count of burglary on March 17, 2014.[1]  She admitted to being the driver of a vehicle for three separate break-ins at residences where her co-defendant, Tyler Munion, a juvenile, stole various items.  The court initially sentenced Appellant, on May 27, 2014, to one to three years incarceration and issued an order for restitution.  That order directed Appellant to pay $3,240.94 in restitution to State Farm

---

[1] The Commonwealth agreed to consolidate three separate burglary counts into a single charge.

Insurance Company and $2,833.00 to David and Gloria Robinson. Within thirty days of that order, on June 19, 2014, the Commonwealth filed a motion to modify sentence *nunc pro tunc*. In doing so, the Commonwealth sought to amend Appellant's restitution. The trial court conducted a hearing on June 26, 2014. The Commonwealth introduced evidence regarding the value of various items, mostly jewelry, taken during Appellant's burglary spree. The court entered an amended restitution order directing Appellant to pay restitution to Erie Insurance Company in the amount of $3,906.14 and $18,951.82 to Samuel and Isabelle Eakman. The restitution order for the Robinson's and State Farm were undisturbed.

Appellant timely appealed. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, asserting that the sentencing court erred in increasing her restitution to approximately $23,000 where the Commonwealth's motion "was untimely and unfair to the Defendant." **See** Pa.R.A.P. 1925(b) statement, 8/15/14. The trial court authored its opinion and the matter is now ready for our review. Appellant's issue is "[w]hether the Sentence[ing] Court erred in granting the Commonwealth's late request to modify sentence by adding restitution to the original sentence[ing] order?" Appellant's brief at 5.

Initially, we note that "questions implicating the trial court's power to impose restitution concern the legality of the sentence. **Commonwealth v.**

- 2 -

*Hall*, 80 A.3d 1204, 1211 (Pa. 2013) (citing *In re M.W.*, 725 A.2d 729, 731 n. 4 (Pa. 1999); *Commonwealth v. Stetler*, 95 A.3d 864, 888 n.6 (Pa.Super. 2014) ("challenges to the appropriateness of a sentence of restitution are generally considered [c]hallenges to the legality of the sentence."). In contrast, where the claim is "that the restitution order is excessive, it involves a discretionary aspect of sentencing." *In re M.W.*, *supra* at 731.

Appellant's issue in her concise statement and the objection raised at the restitution hearing were to the trial court's authority to impose restitution more than ten days after the judgment of sentence. Hence, such an argument relates to the legality of her sentence. Accordingly, our standard of review would be *de novo* and our scope of review is plenary. *Commonwealth v. Gentry*, 101 A.3d 813, 817 (Pa.Super. 2014). However, the argument Appellant levels on appeal relates to the trial court's alleged failure to provide reasons for its modification on the record. Claims that a court failed to adequately state its reasons on the record for sentencing have been held to implicate the discretionary aspects of a sentence. *See Commonwealth v. Coss*, 695 A.2d 831 (Pa.Super. 1997); *Commonwealth v. Smicklo*, 544 A.2d 1005 (Pa.Super. 1988) (*en banc*).

Nonetheless, insofar as Appellant's claim can be read as an argument that the increased restitution order is not supported by the record, prior precedent acknowledges this to be a legality of sentence issue. *In Interest*

*of Dublinski*, 695 A.2d 827, 829 (Pa.Super. 1997); *compare Commonwealth v. Schutzues*, 54 A.3d 86, 98 (Pa.Super. 2012) (in a non-restitution matter, this Court determined that an allegation that the record is devoid of evidence supporting a sentence is not an illegal sentencing claim.). Regardless, Appellant is entitled to no relief.

The Crimes Code provides that restitution may be altered or amended at any time provided that the court gives its reasons and conclusions for any change on the record. 18 Pa.C.S. § 1106(c)(3).[2] Appellant argues that pursuant to *Commonwealth v. Ortiz*, 854 A.2d 1280 (Pa.Super. 2004) (*en banc*), the trial court erred in increasing her restitution by requiring payments to additional victims. In *Ortiz*, the defendant entered a negotiated guilty plea based on his theft of a car. As part of that plea, he agreed to pay $159.00 in restitution. Seven and one-half months later, the Commonwealth requested modification of restitution in the amount of

---

[2] 18 Pa.C.S. § 1106(3) provides,

> The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

$1,188.21, based on damage to the car. The Commonwealth knew of this amount within thirty days of the sentence. Noting that the case was not one where a full hearing on restitution had occurred, *see Ortiz*, *supra* at 1282, the *Ortiz* Court held, "because the amount of restitution should have been known and revealed to the trial court prior to sentencing, the restitution was part of a plea agreement, and there was no change in circumstances, it was improper to modify the terms of the restitution." *Id*. at 1284.

Appellant submits that although a discussion occurred at the restitution hearing regarding the victim witness coordinator for the district attorney's office neglecting to provide the restitution information to the prosecutor, the court did not mention this as the reason it altered restitution. Additionally, Appellant maintains that, even if the court placed on the record the above facts as grounds for its modification, the Commonwealth knew the restitution information at sentencing because it had provided this information relative to Appellant's co-defendant. Thus, according to Appellant, the Commonwealth had to present the restitution information at that time.

The Commonwealth responds that *Ortiz* is inapposite. It notes that the restitution amount was part of a negotiated guilty plea therein. The Commonwealth adds that the prosecution in *Ortiz* knew at the time of the guilty plea and original sentencing the increased amount it later sought via a restitution hearing. Further, the Commonwealth highlights that the

prosecution in *Ortiz* did not seek additional restitution for almost eight months after the original sentence.

Here, the Commonwealth sought modification of restitution within thirty days of the sentence. It points out that an administrative breakdown caused it to not request additional restitution for other victims. Finally, the Commonwealth asserts that it introduced evidence in support of the added restitution via the testimony of Isabelle Eakman and the documentation she supplied as to the value of items taken from her home.

We agree that *Ortiz* does not compel reversal. Unlike *Ortiz*, the Commonwealth sought modification of restitution within thirty days of sentencing. The parties did not negotiate the plea based on a set restitution amount. The sentencing court plainly credited the testimony and values placed on the items stolen submitted by Ms. Eakman. Indeed, Appellant did not dispute "what was lost or the values or anything like that." N.T., 6/26/14. The court had authority under both 18 Pa.C.S. § 1106 and 42 Pa.C.S. § 5505, which authorizes the amendment of a final order within thirty days when no appeal has been filed, to alter restitution. Since Appellant did not contest the evidence relative to restitution, the court had adequate grounds to modify the restitution.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/10/2015