J. S72030/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| APPELLANT | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CLINTON MICHAEL CHILDRESS, | : | |
| APPELLEE | : | |
| | : | |
| | : | No. 571 MDA 2016 |

Appeal from the Order of March 24, 2016
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s): CP-66-CR-0000004-2012

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 15, 2016**

The Commonwealth of Pennsylvania appeals from the March 24, 2016 Order entered in the Wyoming County Court of Common Pleas denying its "Motion to Amend [the September 12, 2012] Sentencing Order Pursuant to 18 Pa.C.S.[] § 1106(c)(3)." After careful review, we affirm.

On July 6, 2012, Appellee, Clinton Michael Childress, entered a negotiated guilty plea to one count each of Driving Under the Influence of Alcohol ("DUI") and Recklessly Endangering Another Person ("REAP").[1] On September 12, 2012, the trial court sentenced Appellee to a term of two days' to six months' incarceration, and a $2,500 fine on the DUI conviction,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(b) and 18 Pa.C.S. § 2705.

and a consecutive term of 4 to 12 months' incarceration, a $2,500 fine, and restitution of $6,507.59 on the REAP conviction. Appellee's maximum sentence date was March 12, 2014.[2]

Appellee filed a timely Post-Sentence Motion for Reconsideration of Sentence, which the trial court denied on October 2, 2012. Neither party appealed from Appellee's Judgment of Sentence.

The docket reflects that by April 10, 2014, Appellee had satisfied his penalty, and had paid $12,222.87 in court fees, fines, and restitution, $6,507.59 of which was restitution as ordered by the court.

On January 20, 2016, the Commonwealth filed a Motion to Amend Sentencing Order Pursuant to 18 Pa.C.S. § 1106(c)(3), in which it informed the court that, on January 5, 2016, the Pennsylvania Victim's Compensation Assistance Program requested additional restitution of $5,467.88. Appellee filed a response to the Motion on February 2, 2016. The trial court denied the Motion on March 28, 2016. The Commonwealth timely appealed. Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

---

[2] At the time the court sentenced Appellee, the statutory maximum sentence for DUI was 3 to 6 months' incarceration and for REAP was 12 to 24 months' incarceration. Accordingly, the court could have sentenced Appellee to an aggregate maximum sentence of 15 to 30 months' incarceration. Therefore, even if Appellee had been sentenced to the statutory maximum sentence, that would have expired on March 12, 2015, almost one year before the Commonwealth filed its Motion to Amend.

The Commonwealth raises one issue in its Brief to this Court: "Whether the trial court's order denying the Commonwealth's [M]otion to [A]mend [R]estition as requested by the Victim Compensation Assistance Program violated 18 Pa.C.S.[] § 1106(c)(1)(i) and (3)[the "Restitution Statute"]?"[3] Commonwealth's Brief at 4. The Commonwealth argues that: (1) pursuant to the Restitution Statute, the restitution portion of Appellee's Judgment of Sentence can be modified at any time; (2) the plain language of the Restitution Statute requires the modification it requested; and (3) public policy militates against permitting a defendant to avoid paying restitution payments simply because his sentence has expired. *Id.* at 7-8.

The question presented by the Commonwealth requires us to consider first whether the trial court had jurisdiction to amend the Restitution Order.

Whether the trial court has jurisdiction to amend a restitution order is a question of law; therefore, the standard of review is *de novo*, and our scope of review is plenary. *See*, *e.g*, *S.K.C. v. J.L.C.*, 94 A.3d 402, 406 (Pa. Super. 2014). Moreover, in evaluating the trial court's application of the Restitution Statute, we are "limited to determining whether the trial court committed an error of law." *Commonwealth v. Poland*, 26 A.3d 518, 523-24 (Pa. Super. 2011) (citation omitted).

---

[3] In relevant part, 18 Pa.C.S. § 1106 provides that a victim is entitled to restitution for all damages arising from a defendant's criminal conduct, and that the trial court **may** amend any restitution order, provided it states its reasons on the record. *See* 18 Pa.C.S. § 1106(c)(1)(i), (c)(3) (emphasis added).

In the instant matter, the Commonwealth filed its Motion to Amend Sentencing Order on January 20, 2016, almost two years after Appellee's maximum sentence date had run and Appellee had satisfied his court ordered restitution obligation. Given these facts, the trial court opined that it "no longer ha[d] jurisdiction over [Appellee.]" Trial Ct. Op., 6/15/16, at 3. We disagree with the trial court.

The Restitution Statute provides, in relevant part, that "[t]he court may, at any time or upon the recommendation of the district attorney . . . alter or amend any order of restitution . . . ." *See* 18 Pa.C.S. § 1106(c)(3). Interpreting this provision, our Supreme Court has held that "[t]he plain language of § 1106(c)(3) provides courts with broad authority to modify restitution amounts at **any time** if the court states reasons for doing so on the record." *Commonwealth v. Dietrich*, 970 A.2d 1131, 1135 (Pa. 2009) (emphasis in original); *see also Commonwealth v. Gentry*, 101 881-82 (Pa. Super. 2012). The *Dietrich* Court concluded that the broad language of the Restitution Statute is indicative of the legislature's intent that trial courts have jurisdiction to modify restitution orders "**at any time**." *Dietrich*, 970 A.2d at 1135 (emphasis added).

Accordingly, to the extent that the trial court based its denial of the Commonwealth's Motion to Amend Restitution on its belief that it lacked jurisdiction over Appellee because he had completed his sentence and had

fully satisfied his court ordered restitution obligation, we find that the trial court erred as a matter of law.

Our inquiry does not end there, however. Having found that the trial court had jurisdiction to entertain the Commonwealth's Motion, we consider whether the trial court abused its discretion in refusing to amend the Restitution Order after considering the record before it. *See* Trial Ct. Op. at 3; *see also Commonwealth v. Ortiz*, 854 A.2d 1280, 1282 n.1 (Pa. Super. 2004).

The Commonwealth claims that the Restitution Statute is clear that "restitution is mandatory and must be awarded for any amount the victim has received from the Crime Victim's Compensation Board or any other governmental agency." *See* Commonwealth's Brief at 8; *see also* 18 Pa.C.S. § 1106(c)(1)(i). The Commonwealth avers, therefore, that the trial court erred in denying its Motion to Amend Restitution on the basis that Appellee's maximum sentence expired. Commonwealth's Brief at 8. The Commonwealth also argues that public policy militates in favor of imposing a continuing restitution obligation on defendants, even where their sentences have expired. *Id.* We disagree.

Although Section 1106(c) requires a defendant to pay full restitution, this Court has held that the amount of full restitution must be determined with consideration of due process. *See Commonwealth v. Ortiz*, 854 A.2d 1280, 1282 (Pa. Super. 2004). Moreover, notwithstanding that Section

1106(c)(3) permits the amendment of a restitution Order at any time, "other principles of law must be followed. **At some point, finality is needed**." *Id.* (emphasis added); ***Commonwealth v. Wozniakowski***, 860 A.2d 539, 545 (Pa. Super. 2004).

At the hearing on the Commonwealth's Motion, the Commonwealth presented the testimony of one witness, the victim Patricia Carr. The trial court described Ms. Carr's testimony as follows:

> Immediately following the accident, [Ms. Carr] made a claim with Victims Resources, which included following all of her [medical] bills to Victims Resources. Since the accident in 2011, [Ms. Carr] has continued to send bills to the Victim's Compensation Assistance Program but she has only received one (1) check approximately six (6) to eight (8) weeks prior to the hearing on the Commonwealth's Motion in the amount of [$5,467.88]. Ms. Carr further testified that prior to [Appellee's] sentencing, Ms. Carr provided an itemization of her expenses and the money she put out as a result of the accident and said amount was [$6,507.59]. Ms. Carr testified that despite her accident and claim being made with Victim's Resources in 2011, she had not heard anything with respect to the claim other than "they are working on it. They were overloaded, They—blah, blah, blah."

Trial Ct. Op. at 3 (citations omitted).

In rendering its decision to deny the Commonwealth's Motion to Amend, the trial court considered Ms. Carr's testimony, and emphasized separately that, "[a]t the time the Commonwealth's Motion was filed, more than five (5) years had elapsed since [Appellant's] crime, more than four (4) years since [Appellant's] sentence, and more than two (2) years since [Appellant] completed his sentence." *Id.* at 2-3.

Ms. Carr testified that she had recently settled a civil lawsuit against Appellee's insurance company for bodily injury, including doctor's bills, expenses, and pain and suffering, for $15,000. N.T., 3/18/16, at 11, 16.

Having reviewed the record in this case, we conclude that the trial court did not abuse its discretion in denying the Commonwealth's Motion. When the Commonwealth filed its Motion to Amend, a significant amount of time had passed since Appellee completed his judgment of sentence and satisfied his restitution obligation.

Moreover, although we are cognizant that it is sometimes difficult for the Commonwealth to ascertain full restitution amounts within 90-days of conviction or entry of a plea as required by Pa.R.Crim.P. 704, we are unpersuaded by the Commonwealth's argument that, under the facts of this case, imposing a new restitution obligation on Appellee more than two years after he completed his sentence is in the public interest. Instead, we conclude that to permit the Commonwealth to amend Appellee's restitution obligation at this late date would be contra to the principles of due process, finality and fairness. *See*, *e.g.*, *Ortiz* 854 A.2d at 1282; *Wozniakowski*, 860 A.2d at 545 (acknowledging that although "sometimes related injuries do not manifest until a later date . . . [d]ue process safeguards, [ ], including the need for finality, must be maintained") (citation omitted)).

For the foregoing reasons, we affirm the trial court's Order denying the Commonwealth's Motion to Amend Sentencing Order. The restitution ordered in Appellant's September 12, 2012 Judgment of Sentence is final.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016