J-S32019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER DAPP | |
| Appellant | No. 27 EDA 2017 |

Appeal from the Order Entered October 12, 2016
In the Court of Common Pleas of Pike County
Criminal Division at No: CP-52-CR-0000348-2014

BEFORE:  GANTMAN, P.J., STABILE, and FITZGERALD, [*] JJ.

MEMORANDUM BY STABILE, J.:                          **FILED JULY 17, 2017**

Appellant, Christopher Dapp, appeals from the October 12, 2016 order entered in the Court of Common Pleas of Pike County ("trial court"), denying his motion for early release from probation.  Counsel for Appellant has filed a brief in accordance with ***Anders v. California***, 368 U.S. 738 (1969), concurrently with an application to withdraw.  Following review, we grant counsel's application for leave to withdraw and affirm the order denying Appellant's motion.

The trial court summarized the factual and procedural history of the matter as follows.

> On December 12, 2014, [Appellant] entered a negotiated plea to three (3) counts of Retail Theft.  [Appellant] was sentenced on February 5, 2015 and was placed on probation for

---

[*] Former Justice specially assigned to the Superior Court.

a period of one (1) year on each count, to be served consecutive for a total aggregate sentence of three (3) years of probation supervision. As indicated above, the [trial court's] sentence was entered pursuant to a negotiated guilty plea agreement between the Commonwealth and [Appellant].

[Appellant] filed a Motion for Early Release from probation supervision on August 23, 2016. A hearing was held on [Appellant's] Motion on October 6, 2016. [Appellant] testified that he served in the military in the past and had completed six (6) years in the reserves. [Appellant] also testified that he was seeking to re-enlist in the military for active duty, but the terms of his probation supervision would not allow him to do so. [Appellant] had completed about one and one-half (1 ½) years of his probation supervision at the time of the hearing.

[The trial court] took the matter under advisement in order to review the record in is entirety. On October 12, 2016, [the trial court] denied [Appellant's] Motion for Early Release. On November 10, 2016, [Appellant] field a Notice of Appeal as to the Order dated October 12, 2016. On November 14, 2016, [the trial court] ordered [Appellant] to file a Concise Statement of Matters Complained of on Appeal within twenty-one (21) days of the date of the Order. [Appellant] filed a Concise Statement of Matters Complained of on Appeal on December 5, 2016.

Trial Court Opinion, 12/27/16, at 1-2. The trial court issued an opinion on December 27, 2016. On February 24, 2017, appellate counsel filed, in this Court, an *Anders* brief concomitantly with an application to withdraw. The *Anders* brief raises one issue for review: "Whether the [t]rial [c]ourt abused its discretion by denying [Appellant's] Petition for Early Release from Probation and by failing to immediately release [Appellant] from probation supervision." *Anders* Brief at 6.

Before we can address the merits of Appellant's claim, we must first address counsel's application to withdraw. *Commonwealth v. Goodwin*,

928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In order for court-appointed counsel to withdraw, counsel must

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

***Commonwealth v. Lilley***, 978 A.2d 995, 997 (Pa. Super. 2009) (quoting ***Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005)).

Following review, we conclude counsel has satisfied the procedural requirements set forth in ***Anders***. In the brief, counsel explains her conclusion that the issue sought to be raised by Appellant, that the trial court abused its discretion when it denied his petition to terminate his probation early is wholly frivolous. Further, Counsel sent Appellant a letter, along with a copy of the ***Anders*** brief, dated February 21, 2017, advising Appellant of his right to retain new counsel or act on his own behalf.

Because we find that counsel has complied with the procedural requirements of ***Anders***, we next address whether counsel has satisfied the following substantive requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record;
> (2) refer to anything in the record counsel believes arguably supports the appeal;
> (3) set forth counsel's conclusion that the appeal is frivolous; and

- 3 -

     (4)    state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

In her ***Anders*** brief, counsel has included a statement of the case including the procedural history of the case. ***Anders*** Brief at 7. Thus, counsel has complied with the first requirement. The second requirement is for counsel to reference anything in the record that she believes arguably supports the appeal. ***See Santiago***, 978 A.2d at 361. Here, counsel raises one issue: whether the trial court abused its discretion when it denied his petition to terminate his probation early. ***Anders*** Brief at 6. Thus, counsel has satisfied the second ***Anders*** requirement.

The third substantive requirement of ***Anders*** is for counsel to state her conclusion that the appeal is frivolous. ***Santiago***, 978 A.2d at 361. After which, counsel must provide the reasons for concluding that the brief is frivolous. ***Id.*** Counsel's brief complied with these requirements, thus she has satisfied the final prong of the ***Anders*** test. ***Anders*** Brief at 9-11. Because we find counsel has satisfied the requirements for a petition to withdraw under ***Anders*** and ***Santiago***, we must address the substantive issues raised by Appellant.

Appellant filed a motion to terminate his probation early in accordance with 42 Pa.C.S.A. § 9771(a), which provides that "[t]he court may at any time terminate continued supervision or lessen or increase the conditions

upon which an order of probation has been imposed." 42 Pa.C.S.A. § 9771(a). An appeal from an order denying a request for early termination of probation is a challenge to the underlying sentence.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Proctor*, 167 A.3d 261 (Pa. Super. 2017) (quoting *Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super 2015) (citation omitted)). In the matter *sub judice*, Appellant entered a negotiated plea for a sentence of three years' probation. The trial court held a hearing on Appellant's request to terminate his probation, and the Commonwealth objected to his motion. "[W]hen a plea is entered following negotiations, it is even more important that the terms of the agreement be followed." *Commonwealth v. Ortiz*, 854 A.2d 1280, 1283 (Pa. Super. 2004) appeal denied, 863 A.2d 1145 (Pa. 2004) (citation omitted). Thus, we find that the trial court did not abuse its discretion when it denied Appellant's request for early termination of probation.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/2017