J-S01033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN MICHAEL PERZEL | : | |
| | : | |
| Appellant | : | No. 1235 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 30, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002589-2010

BEFORE: PANELLA, P.J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED FEBRUARY 19, 2019**

John Michael Perzel (Perzel) appeals from the judgment of sentence

entered by the Court of Common Pleas of Dauphin County (sentencing court)

imposing $1,000,000.00 in restitution. For the following reasons, we vacate

the sentencing court's order and remand for a new hearing on the amount of

restitution.

**I.**

We take the relevant factual and procedural background of this case

from our independent review of the certified record. In 2009, Perzel was

charged with 83 offenses relating to the misappropriation of public funds and

other resources for campaign purposes. Those charges were purportedly

---

[*] Retired Senior Judge appointed to the Superior Court.

committed while he was a member of the Pennsylvania House of Representatives from 1978 to 2010 or while serving as its Speaker from 2003 to 2007. In August 2011, Perzel entered a negotiated guilty plea to two counts each of Restricted Activities—Conflict of Interest, Conspiracy—Restricted Activities—Conflict of Interest, and Theft by Failure to Make Required Disposition of Funds.[1] He was sentenced to an aggregate term of not less than two and one-half years and no more than five years' imprisonment, plus $30,000.00 in fines and $1,000,000.00 in restitution imposed pursuant to 18 Pa.C.S. § 1106.[2] Perzel did not file a direct appeal.

Perzel then filed a *pro se* petition, later amended by appointed counsel pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546 contending, among other things, that restitution should not have been imposed because the Commonwealth was not a victim entitled to restitution under 18 Pa.C.S. § 1106. The PCRA court denied Perzel's petition and we affirmed based on the PCRA court's finding that the Commonwealth was a

---

[1] 65 Pa.C.S. § 1103(a) and 18 Pa.C.S. §§ 3927(a) and 903(a), respectively.

[2] 18 Pa.C.S. § 1106(a) provides:

> (a) General rule.—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

victim entitled to restitution. (**See Commonwealth v. Perzel**, 116 A.3d 670 (Pa. Super. 2015)). Perzel then filed a petition for allowance of appeal with our Supreme Court raising the same issue that he raised before the PCRA court and this court.

Because in **Commonwealth v. Veon**, 150 A.3d 435 (Pa. 2016), it held that the Commonwealth was not a victim within the meaning of 18 Pa.C.S. § 1106, our Supreme Court granted Perzel's allowance of appeal and remanded the matter to us for reconsideration.[3] **See Commonwealth v. Perzel**, 166 A.3d 1213 (Pa. 2017)). On remand, based on **Veon**, we held that the $1,000,000.00 ordered in restitution was an illegal sentence. Without disturbing the convictions, we vacated Perzel's entire judgment of sentence and remanded for resentencing **"in toto"** since vacating the restitution upset the sentencing scheme. (**See Commonwealth v. Perzel**, 2017 WL 1278576, at *3 (Pa. Super. filed April 5, 2017) (unpublished memorandum)).

## II.

Prior to resentencing, the Commonwealth notified Perzel that it intended to rely on a different statutory authority in support of restitution that was not at issue in **Veon**. It contended that restitution was proper under Section

---

[3] The General Assembly has amended 18 Pa.C.S. § 1106(a), making the Commonwealth a "victim" for purposes of restitution under that statute. Act of October 24, 2018, P.L., No. 145, § 1.

1314(a) of the Public Employee Pension Forfeiture Act (Pension Forfeiture Act), 43 P.S. § 1314(a) and/or as a condition of probation pursuant to 42 Pa.C.S. § 9754(c)(8),[4] and/or under Section 1109 (c) of the Public Official and Employee Ethics Act (Ethics Act), 65 Pa.C.S. § 1109(c).[5]

The sentencing court resentenced Perzel to the same aggregate sentence of incarceration, granted him time served, and ordered that he pay $1,000,000.00 in restitution. As to its ability to impose restitution, it found that the plain language of Section 1314 of the Pension Forfeiture Act required restitution be imposed for the amount of money the public lost as a result of his illegal activity; additionally, it had the authority under 42 Pa.C.S. § 9754(c)(8) to impose restitution as a condition of probation because it would deter future criminal conduct and make him accountable for the money that he stole from the taxpayers of Pennsylvania. The sentencing court also found

---

[4] It provides: "The court may as a condition of its order require the defendant [t]o make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby." 42 Pa.C.S. § 9754(c)(8).

[5] Section 1109 (c) of the Ethics Act, 65 Pa.C.S. § 1109(c), provides:

(c) Treble damages.—Any person who obtains financial gain from violating any provision of this chapter, in addition to any other penalty provided by law, shall pay a sum of money equal to three times the amount of the financial gain resulting from such violation into the State Treasury or the treasury of the political subdivision. Treble damages shall not be assessed against a person who acted in good faith reliance on the advice of legal counsel.

Section 1109(c) of the Public Official and Employee Ethics Act, 65 Pa.C.S. § 1109(c), applicable because Perzel entered a guilty plea to a Title 65 violation (Restricted Activities—Conflict of Interest (a Section 1103 offense)), making Section 1109(c) treble damages appropriate. As to how it calculated the $1,000,000.00 restitution amount, the sentencing court relied on the March 2012 original sentencing hearing, stating that:

> It is estimated that an amount exceeding ten million dollars of the taxpayers' money was given to contracting companies to assist campaign efforts on behalf of the Republican Caucus (in which the Appellant had considerable power). Transcript of Proceedings, Sentencing, March 21, 2012, page 19. The Defendant admitted that he was the creator and the architect of this crime. ***Id.*** at 27. Additionally, at the 2012 sentencing this Court asked the Commonwealth what the estimated figure was and when asked whether it was a million dollars, the Commonwealth responded 'yes', ***Id.*** at 22. Defense counsel had no comment on the amount in question, offered no objection to the amount, and filed no direct appeal challenging the amount of restitution.[6]

After the sentencing court denied Perzel's post-sentence motion, he appealed the court's imposition of restitution.

---

[6] In a footnote, the sentencing court stated, "[p]resumably because the amount was likely much higher."

## III.

## A.

On appeal, Perzel first contends that the trial court improperly imposed restitution under Section 1314(a) of the Forfeiture Act.[7] He argues that the Pension Forfeiture Act's purpose was to prevent a public official or employee who committed a crime from receiving the benefit of a taxpayer-funded pension. Because he is not receiving the benefit of any taxpayer-funded pension, and his forfeited pension would have been more than the restitution amount, he avails that this provision does not apply to him.

Section 1314(a) of the Pension Forfeiture Act provides, in pertinent part, that:

> Whenever any public official . . . who is a member of any pension system funded by public moneys . . . pleads guilty . . . in any court of record to any crime related to a public office or public employment, **the court shall order the defendant to make complete and full restitution to the Commonwealth** . . . of any monetary loss incurred as a result of the criminal offense.

43 P.S. § 1314(a) (emphasis added).

Even if Perzel lost a pension worth more than the amount ordered in restitution, Section 1314(a) requires the court to impose restitution for the full monetary loss incurred by the Commonwealth as a result of his criminal

---

[7] Because this case raises a question of law, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Clarke**, 70 A.3d 1281, 1284 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014).

offenses. The forfeiture of a pension under other provisions of the Pension Forfeiture Act does not reduce Perzel's liability. **See id.** The requirement that the sentencing court impose restitution is made clear by Section 1314(b) which provides that if a court fails to order restitution, the Commonwealth shall petition the court for an order setting the amount of restitution or bring an original action for restitution. **See** 43 P.S. § 1314(b). To interpret it otherwise would effectively read this provision out of the Pension Forfeiture Act. **See** 1 Pa.C.S. § 1922 (2) ("That the General Assembly intends the entire statute to be effective and certain."). For the foregoing reasons, the trial court had the authority to impose restitution on Perzel pursuant to Section 1314(a) of the Pension Forfeiture Act.

## B.

Perzel also contends that the trial court's alternative basis for imposing restitution under Section 9754(c)(8) of the Judicial Code was an illegal sentence because the Commonwealth cannot be deemed a victim under this provision.[8] He relies on our Supreme Court's holding in **Veon** that restitution

---

[8] As to Perzel's argument, we note that unlike 18 Pa.C.S. § 1106, Section 9754(c)(8) of the Judicial Code does not use the term "victim" as to the party who is entitled to restitution and that, generally, a court has discretion to impose restitution as a condition of probation. **See Commonwealth v. Hall**, 80 A.3d 1204, 1215 (Pa. 2013) ("[W]hen restitution is ordered as a condition of probation, the sentencing court is accorded the latitude to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim.") (citation omitted).

made to the Commonwealth under 18 Pa.C.S. § 1106 was an illegal sentence. However, we note that under Section 9754(c)(8), the sentencing court can only impose restitution "in an amount [defendant] can afford to pay," while no such restriction exists in Section 1314(a) of the Pension Forfeiture Act.[9] In effect, because a sentencing court has no discretion to impose restitution in an amount less than the loss incurred, and cannot consider the ability to pay, Section 9754(c)(8) of the Judicial Code is inapplicable to a public official who pled guilty to an enumerated crime under the Pension Forfeiture Act. Only Section 1314(a) of the Pension Forfeiture Act can be used to impose restitution.

## C.

Finally, the sentencing court found that Section 1109 (c) of the Ethics Act, 65 Pa.C.S. § 1109(c), is applicable because Perzel pled guilty to a violation of the Ethics Act. That provision authorizes "damages" equal to three times the amount of the personal financial gain resulting from such violation, not the financial loss suffered. We note that it was not alleged that he received a personal financial gain from his conduct, only that the Commonwealth suffered a financial loss. Even if it had been alleged that he incurred financial gain, the amount of financial loss would still be the sum at issue.

---

[9] Because Section 1314(a) of the Pension Forfeiture Act mandates restitution, we need not address whether as condition of probation the trial court can impose restitution ordered here.

- 8 -

**IV.**

Even if the sentencing court had the authority to impose restitution, Perzel argues that because "a sentencing court cannot set an amount of restitution that is unmoored or purely symbolic[,]" the court erred when it "offered no record evidence or detailed specificity of actual damages when setting the amount of restitution at one million dollars." (Perzel's Brief, at 20; (record citation omitted)).[10] This claim has merit.

Where there was a financial loss to the victim that directly resulted from a defendant's criminal acts, it is still necessary that "the amount of the 'full restitution' be determined under the adversarial system with considerations of due process." ***Commonwealth v. Atanasio***, 997 A.2d 1181, 1183 (Pa. Super. 2010). In ***Atanasio***, we stated that:

> It is the Commonwealth's burden of proving its entitlement to restitution. ***Commonwealth v. Boone***, 862 A.2d 639, 643 (Pa. Super. 2004) (stating that the amount of restitution must be supported by the record). When fashioning an order of restitution, the lower court must ensure that the record contains the factual basis for the appropriate amount of restitution. ***Commonwealth v. Pleger***, 934 A.2d 715, 720 (Pa. Super. 2007). The dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. ***Id.*** The amount of the restitution award may not be excessive or speculative. ***Commonwealth v. Rush***, 909 A.2d 805, 810 (Pa. Super. 2006), reargument denied. It is well-settled that

---

[10] "An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing." ***Commonwealth v. Stradley***, 50 A.3d 769, 771-72 (Pa. Super. 2012) (citation omitted). Therefore, our standard of review of this issue is plenary. ***See id.***

> "[a]lthough it is mandatory under section 1106(c) to award full restitution, it is still necessary that the amount of the 'full restitution' be determined under the adversarial system with considerations of due process." ***Commonwealth v. Ortiz***, 854 A.2d 1280, 1282 (Pa. Super. 2004).

***Id.***

In this case, the Commonwealth does not seriously contend that the evidence offered to support the amount of restitution meets that standard. It instead contends that because defense counsel had no comment on the amount in question and did not object to the amount, and filed no direct appeal challenging the amount of restitution, that issue has been waived. However, the "evidence" and defense counsel's comments were all adduced at the March 21, 2012 sentencing hearing. When we vacated the entire sentence, we ordered a resentencing *in toto* which required an entire new hearing on the resentencing. That meant that what occurred at the March 2012 resentencing, including evidence and any purported waiver, was supplanted by the new hearing to be held and the new sentence to be imposed. A new hearing was especially needed here because the Commonwealth was asserting new legal authority for imposing restitution under different standards.[11]

---

[11] Perzel points to our decision in ***Commonwealth v. Preski***, 2017 WL 6330771 (Pa. Super. filed Dec. 12, 2017) (unpublished opinion)), one of the co-defendants, where we simply vacated the restitution portion of his sentence and did not remand the matter to the sentencing court for resentencing. However, he presented no argument as to why restitution

In sum, our remand order required a new hearing on resentencing. To be entitled to restitution, the Commonwealth would have to introduce non-speculative testimony setting forth the factual basis for the amount sought. Perzel could then challenge the amount imposed. Because evidence was not adduced at the resentencing hearing, we vacate the portion of the sentencing court's order imposing $1,000,000.00 in restitution. We remand for a new hearing to determine the Commonwealth's loss that flowed from the charges to which Perzel pled guilty.

Judgment of sentence vacated and case remanded with instructions.

Jurisdiction relinquished.

President Judge Panella joins in the memorandum.

Judge Murray concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/19/2019

---

should not be imposed in this case based on that difference. We note, though, that it becomes problematic where all the co-defendants who were found guilty or pled guilty may be jointly and severally liable, where other co-defendants were not required to pay restitution.

- 11 -